UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DERRICK STAMPLEY,<br><br>　　　　　Defendant. | No.  2:10-cr-00035-MCE-1<br><br><br>**ORDER** |

　　　　On May 10, 2012, the Court sentenced Defendant Derrick Stampley ("Defendant") to a term of 97 months imprisonment after he pled guilty to distribution of at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  See ECF Nos. 93-94.  On June 9, 2014, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 97.  Defendant also requested that the Court hold his motion in abeyance until November 1, 2014.  ECF No. 98.

　　　　Specifically, Defendant requests that the Court "resentence him pursuant to changes made by the United States Sentencing Commission to the United States Sentencing Guidelines, Drug Quantity Table, §2D1.1(c), which will be in effect on November 1, 2014, or the date the Court begins ruling on the issue presented."

///

///

ECF No. 97 at 2.[1] Defendant contends that the proposed Sentencing Guidelines amendment "will change [his] sentence from a Base Offense Level of 32 to a new Base Offense Level of 30" making his new sentencing range "78 months to 97 months." Id. Defendant therefore requests that the Court resentence him to a term of 78 months imprisonment. Id. at 3.

A "district court is required to apply the guidelines in effect at the time of sentencing. Subsequent amendments to the guidelines can only be considered if the amendment is clarifying existing law (a nonsubstantive change) or listed as retroactive under U.S. Guidelines Manual § 1B1.10(c)." United States v. Urena, 659 F.3d 903, 909 (9th Cir. 2011) (internal citations omitted). "The guidelines provide that when a change is not designated as retroactive, it is not to have retroactive effect to reduce a prison term." Id. (citing U.S. Guidelines Manual §1B1.10(a)(2)). This Court recently explained the status of the amendment to the drug quantity table upon which Defendant relies:

> [T]he amendment to the drug quantity table was published by the United States Sentencing Commission in January of 2014 for a sixty day period of public comment. . . . In April of 2014, the Sentencing Commission approved the amendment to the drug quantity table, and Congress has until November 1, 2014, to consider whether to formally disapprove the amendment. If Congress does not disapprove the amendment, it will become effective November 1, 2014, and those defendants who have not yet been sentenced by November 1, 2014, will get benefit of the amendment, provided the amendment to the drug quantity table applies to each defendant's circumstances. At present, the proposed amendment does not contain a retroactivity clause; therefore, the amended guidelines will not apply to defendants sentenced prior to November 1, 2014, unless the Sentencing Commission passes another amendment identifying the amendment to the drug quantity table as one intended to be applied to defendants already sentenced under the old guidelines.

United States v. Hernandez, 2:06-CR-0281 MCE KJN, 2014 WL 2590367, *1 (E.D. Cal. June 10, 2014) (footnote omitted).

///

---

[1] In his Motion, Defendant acknowledged that "the question of retroactivity has not been addressed by the United States Sentencing Commission," but that he believes "that due to the history of such amendments[,] the new amendment will be applied retroactively." ECF No. 98 at 2.

1    Here, Defendant was sentenced on May 10, 2012, pursuant to the sentencing
2    guidelines in effect at that time.  See ECF Nos. 93-94.  Because the amendment to the
3    drug quantity table is not currently in effect, Defendant's motion to reduce his sentence
4    is DENIED without prejudice as premature.  Defendant cannot challenge the application
5    of the amendment to the drug quantity table unless or until it becomes effective.  See,
6    e.g., Hernandez, 2014 WL 2590367 at *2.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Reduce Sentence, ECF No. 97, is DENIED without prejudice to refiling;
2. Defendant's Motion to Hold in Abeyance his Motion to Reduce Sentence, ECF No., 98, is DENIED as moot; and
3. The Clerk of the Court is directed to mail a copy of this Order to Defendant at the following address: Derrick Stampley, 18966-097, Federal Prison Camp, P.O. Box 26010, Beaumont, TX 77720-6010.

IT IS SO ORDERED.

Dated:  June 16, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT